Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50444 | **DATE** | 3/28/2003 |
| **CASE TITLE** | Chatmon vs. Velasco | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, Chatmon's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed. This case is dismissed in its entirety. Ernesto Velasco is substituted for defendant Donald Snyder pursuant to Fed. R. Civ. P. 25(d)(1).

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAR 28 2003 | 19 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 3-28-03 | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice SW mailing deputy initials | |

03 MAR 28 PM 3:18 FILED-WD

# MEMORANDUM OPINION AND ORDER

Following a stipulated bench trial in the Circuit Court of Winnebago County, petitioner, Timothy Chatmon, was convicted of armed violence, 720 ILCS 5/33A-2, unlawful possession of weapons by a felon, 720 ILCS 5/24-1.1(a), and unlawful possession of less than fifteen grams of heroin, 720 ILCA 570/402(c). On March 5, 1996, the state trial court judge sentenced Chatmon to fifteen years on the armed violence count only. After filing various appeals and petitions for collateral relief in the Illinois courts, Chatmon has now filed an amended petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254. Because Ernesto Velasco replaced Donald Snyder as the Director of the Illinois Department of Corrections after Chatmon filed his original petition, Velasco is automatically substituted as the named defendant under Federal Rule of Civil Procedure 25(d)(1).

Chatmon has raised four primary issues in his amended petition. The first of these is that his original warrantless arrest was made without probable cause or exigent circumstances. Having reviewed the record, however, the court finds this claim is not cognizable in a federal habeas petition because Chatmon was able to fully and fairly litigate his Fourth Amendment claim in both the state trial court on a motion to suppress and to the Illinois Appellate Court on direct appeal. See Stone v. Powell, 428 U.S. 465, 494 (1976); Hampton v. Wyant, 296 F.3d 560, 563 (7th Cir.), cert. denied, 123 S. Ct. 443 (2002); Pierson v. O'Leary, 959 F.2d 1385, 1391 (7th Cir.), cert. denied, 506 U.S. 857 (1992).

In the remainder of his petition, Chatmon alleges (1) the State's Attorney conspired to charge him "on the basis of his prior involvment [sic] and suborning perjury in a previous conviction of murder that was reversed on appeal"; (2) ineffective assistance of trial and appellate counsel for not raising (a) an alleged Fourth Amendment violation (?) and (b) an argument that the amended sentencing provision in the armed violence statute used to sentence him was unconstitutional under the single subject rule of the Illinois Constitution; and (3) law enforcement agents conspired to frame him "for a murder he did not commit in 1989." The court agrees with Velasco, however, that all of these claims are procedurally defaulted because Chatmon failed to fairly present them before the Illinois state courts. Specifically, the first time he raised the ineffective assistance of counsel claim was in a petition to the Illinois Supreme Court for discretionary review of an appeal denied by the Illinois Appellate Court, which in turn was taken from the trial court's resentencing of Chatmon after the Illinois Appellate Court had previously remanded the case based on Chatmon's petition for post-conviction relief. Needless to say, this was much too late to preserve a claim for federal habeas review. See Wilson v. Briley, 243 F.3d 325, 328 (7th Cir. 2001).

As for his conspiracy-related claims, Chatmon did mention these in his direct appeal to the Illinois Appellate Court, but it was purely for purposes of reversing the trial court's decision that it lacked jurisdiction to consider his petition for post-conviction relief, in which he had raised these same claims. Agreeing with Chatmon, the appellate court reversed and remanded that issue back to the trial court for further proceedings. That, however, was the last time the conspiracy claims were presented to any appellate-level court until Chatmon raised them again in the petition for discretionary review with the Illinois Supreme Court mentioned above. They most certainly were never briefed on the merits at any other time and Chatmon himself admits in his response brief his lawyers failed to bring out these issues on appeal. These claims are thus procedurally defaulted as well.

To the extent Chatmon blames his appellate counsel for not raising any of these issues during his state court proceedings, such an ineffective assistance of appellate counsel claim is itself procedurally defaulted because Chatmon was required, but did not, fairly present *it* as an independent claim to the state courts. See Murray v. Carrier, 477 U.S. 478, 489-90 (1986); Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir.), cert. denied, 516 U.S. 993 (1995). And even so, the Illinois Appellate Court granted one of Chatmon's petitions for post-conviction relief on the ground that his sentence under the amended armed violence statute was unconstitutional and remanded his case for resentencing, so as to that claim Chatmon cannot show any prejudice from the ineffectiveness of his counsel. At the same time, Chatmon cannot show prejudice as to any claim that his attorneys were ineffective for not raising a Fourth Amendment claim. See Holman v. Page, 95 F.3d 481, 491-92 (7th Cir. 1996), cert. denied, 520 U.S. 1254 (1997). Finally, the court finds Chatmon has not shown cause for his procedural defaults or that failing to consider his defaulted claims would result in a "fundamental miscarriage of justice." See Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir. 2002), cert. denied, 123 S. Ct. 1312 (2003).

On a final note, Chatmon accuses this court of harboring "some deep prejudice" against him and acting "as a buffer to protect" Winnebago County. He further suggests this Judge should recuse himself from hearing this case and claims that, with respect to other actions he has filed in this court, he has "to this day never had [his] constitutional rights heard and every conceivable technicality known has been deployed to deny [him] access to due process." The mere fact that Chatmon has disagreed with past court decisions in other civil actions does not warrant recusal. See Adkins v. C.I.R., 875 F.2d 137, 142 (7th Cir. 1989). The court also believes it worth pointing out that in a civil action Chatmon has filed in this court challenging the conditions of confinement at the *Winnebago County* Jail, this same court *granted* Chatmon's motion for class certification to allow *him* to act as class representative for one of the certified classes. (Case No. 00 CV 50084, Doc. Nos. 22, 34)

For the reasons stated above, Chatmon's petition for habeas corpus under 28 U.S.C. § 2254 is dismissed.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Timothy Chatmon **JUDGMENT IN A CIVIL CASE**

v. Case Number: 02 C 50444

Ernesto Velasco

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Chatmon's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed. This case is dismissed in its entirety. Ernesto Velasco is substituted for defendant Donald Snyder pursuant to Fed.R.Civ.P. 25(d)(1).

Michael W. Dobbins, Clerk of Court

Date: 3/28/2003

Susan M. Wessman, Deputy Clerk